UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 6, 2019

LETTER TO THE PARTIES

RE: *Marsha T. v. Commissioner, Social Security Administration*;
Civil No. SAG-19-11

Dear Plaintiff and Counsel:

On January 2, 2019, Plaintiff Marsha T., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the SSA's Motion for Summary Judgment, in addition to arguments made by Plaintiff's prior attorney during her administrative hearing.[1] ECF 18; Tr. 282-84. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the SSA's motion and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on November 19, 2014, alleging a disability onset date of March 1, 2014. Tr. 158-63. Her claim was denied initially and on reconsideration. Tr. 85-88, 92-93. A hearing, at which Plaintiff was represented by counsel, was held on July 26, 2017, before an Administrative Law Judge ("ALJ"). Tr. 38-60. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-19. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis, obesity, and depression." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a), except the claimant cannot climb and can only occasionally stoop or squat, but never crawl. The claimant can occasionally push and pull with the lower extremities, and is limited to the performance of only simple, repetitive, non-production job tasks.

---

[1] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Plaintiff, advising her of the potential consequences of failing to oppose the dispositive motion. ECF 19. Plaintiff did not file a response.

Tr. 14. The ALJ determined that Plaintiff had no past relevant work. Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform other jobs existing in significant numbers in the national economy. Tr. 18-19. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 19.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).

The ALJ proceeded in accordance with applicable law at the first two steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one, and determined that she had not engaged in substantial gainful activity since her application date. Tr. 12; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented her from working, finding each impairment to be severe. *See* Tr. 12; 20 C.F.R. § 416.920(a)(4)(ii).

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 12-14. In particular, the ALJ identified and considered Listings 1.00 (musculoskeletal system) and 12.04 (depressive, bipolar, and related disorders). The ALJ also considered Plaintiff's obesity under SSR 02-1p. With respect to the musculoskeletal system and obesity, the ALJ summarily concluded that Plaintiff's impairments are insufficient to meet the requirements of any listing. Tr. 12-13.

As for Listing 12.04, the ALJ had to apply the special technique applicable to mental impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00 (2018). The technique requires analysis of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairment meets Listing 12.04 by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A)(2). Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). A claimant must show extreme limitation in one area, or marked limitation in two areas, to be deemed to have met the paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.04(B) (2018).

Here, the ALJ assigned a rating to the "paragraph B criteria" ("moderate" limitation with regard to Plaintiff's ability to concentrate, persist, or maintain pace, and a "mild" limitation in

the other functional areas), but his explanation was noticeably lacking. The ALJ cited to the testimonies of Plaintiff and Plaintiff's fiancé, and the report of consultative examiner, Dr. Harkhani. Tr. 13-14. However, the ALJ failed to mention or discuss the medical opinion of Plaintiff's treating physician, Dr. Bautista. *See* Tr. 1082-83 (noting that Plaintiff's mental impairments markedly limit her abilities in all four functional areas). In *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 662 (4th Cir. 2017), the Fourth Circuit reasoned that the ALJ's failure to use the "special technique" was not harmless error where the ALJ "did not address conflicting evidence, or explain away contrary findings of other doctors in a comprehensive manner." Such a failure hinders judicial review. *Id*.

The ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which her impairments limited her ability to work. Tr. 14-18. In considering Plaintiff's RFC, the ALJ summarized Plaintiff's subjective complaints from her hearing testimony. Tr. 15-17. The ALJ also reviewed, and gave "some weight" to, the opinions of consultative examiners, Drs. Fridman and Harkhani. Tr. 16-19. The ALJ acknowledged that Plaintiff's treating physician, Dr. Bautista, opined that Plaintiff was markedly limited in all areas of mental functioning, although the ALJ assigned only "little weight" to her opinion. Tr. 18. For support, the ALJ cited to Plaintiff's "activities of daily living, including assisting her fiancé with his business." Tr. 18.[2]

The fatal flaw in the ALJ's reasoning lies in the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In that case, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. That functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3) (2018). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other

---

[2] The ALJ did not name any other activities of daily living to support his conclusion. Regarding Plaintiff's assistance to her fiancé's business, the ALJ cited to 42 pages of behavioral health records, Plaintiff's hearing testimony, and Plaintiff's fiancé's statement. Tr. 18. One line in the behavioral health records stated, "She works with her husband." Tr. 1043. At the hearing, Plaintiff testified that "if the phone rings and they ask for him I tell him – I give him the telephone." Tr. 46. Plaintiff further testified that she does not make any calls and that "[u]nfortunately, he's not that busy." *Id.* When the ALJ read Plaintiff the line, "She works with her husband," Plaintiff testified "That's not true. I wish I could." *Id.* Plaintiff's fiancé did not mention his business, or Plaintiff's assistance with his business, in his statement. Tr. 207-15.

circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, the ALJ found that Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. Tr. 13. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. The claimant testified she has trouble concentrating due to her mental symptoms. She also reported she cannot concentrate and has to ask for the same information over and over. She can only pay attention for 10 minutes. The claimant's fiancé, [], reported the claimant cannot finish what she starts. However, consultative examiner Dr. Harkhani noted no signs of hyperactive or attentional difficulties. Accordingly, the undersigned finds the claimant has a moderate limitation in concentrating, persisting, or maintaining pace.

Tr. 13 (internal citations omitted). In explaining how he arrived at Plaintiff's RFC, the ALJ stated that, "based on [Plaintiff's] allegations that her memory loss hinders her concentration, the undersigned has limited the claimant to simple, repetitive non-production job tasks." Tr. 17.[3] This restriction is directly analogous to the limitations deemed insufficient in *Mascio*. *Mascio*, 780 F.3d at 638 (quoting *Winschel,* 631 F.3d at 1180) (finding "simple, routine tasks or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace). In the absence of any additional limitation to accommodate Plaintiff's moderate difficulties maintaining concentration, persistence, or pace, *Mascio* requires that the ALJ explain why no such limitation is required. *Mascio*, 780 F.3d at 638. The ALJ has not provided such an explanation here.

The Commissioner argues that the ALJ did not run afoul of *Mascio* because the ALJ was merely giving Plaintiff "the benefit of the doubt that her complaints of memory loss hindered her concentration." ECF 18-1 at 13. The fact remains that the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace, Tr. 13, and the ALJ did not adequately account for those limitations in his RFC assessment. Furthermore, the Commissioner does not attempt to distinguish this case from *Thomas*, where the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of clarity

---

[3] Interestingly, the ALJ found only mild limitations in Plaintiff's ability to understand, remember, or apply information. Tr. 13.

frustrated appellate review. 916 F.3d at 312; *see also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). "Non-production job tasks" is a similarly undefined phrase.

In light of the ALJ's inadequate RFC assessment, I need not address whether the remainder of the ALJ's analysis, at steps four and five, complied with the relevant legal standards. In ordering remand for further consideration by the SSA, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

I note that Plaintiff submitted medical records post-dating the ALJ's decision with her complaint. Because the case is being remanded on other grounds, those new records can be considered by the SSA.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge